## CLEVELAND MEMORIAL MEDICAL FOUNDATION, Application of.

Board of Tax Appeals.

No. 13510. Decided April 23, 1948.

Snyder, Seagrave, Roudebush & Adrion, Cleveland, for appellant.

## ENTRY

This day this cause came on to be considered upon the applications of the tax-payer, Cleveland Memorial Medical Foundation, otherwise known as the "Doctor's Hospital," for exemption from taxation of its tangible and intangible personal property and for remission of its 1946 and 1947 personal property taxes. The application for exemption was filed with the auditor of Cuyahoga County on May 8, 1947, and with this

board on September 29, 1947; the application for remission of taxes and penalty was filed on October 22, 1947. A hearing was had before an attorney examiner, and the record then made is also before the board.

The record evidence establishes that applicant is an Ohio corporation organized not for profit; that it was on January 1, 1947, and is now engaged exclusively in dispensing charity; that 4½% of its patients have been charity patients; that no salaries are paid to or profits derived by its managing officers from the hospital's operation; that at time of hearing 100 beds were in use; that applicant has never denied admission to a patient; that its staff consists of 75 doctors, and that this number is constantly increasing; that its inventory of tangible personal property owned as of January 1, 1947, is shown as of the value of $94,517.21; and that this property was accumulated by gifts of interested philanthropic people either in money or the item itself; and that this property throughout the years 1946 and 1947 was in exclusive use in the dispensing of charity. So finding, it must and does follow that applicant's tangible personal property, valued by it at $94,517.21, be, and the same is, entitled to tax exemption under §5353 GC for the year 1947 and to a remission of the taxes levied and assessed against such property for the tax year 1946. Any interest and penalty arising from nonpayment thereof is likewise remitted.

During the course of applicant's incubation and prior to January 1, 1947, by way of gifts, it had become possessed of many shares of corporate stock. Its inventory value as of that date is considered to be $73,000.00. These stocks have produced income which is carried in a separate account. All such income has been, or eventually will be, expended in the advancement and betterment of its charitable purposes. It will not be disposed of in any other fashion. The query presented is, is this intangible personal property exemptible, and if so, has this board power and jurisdiction in the first instance to exempt it and to remit the taxes heretofore assessed against it in 1946? If it does not, does it exist elsewhere? This question is not one of first impression before this board. In the case of In re Judson Palmer Home, case No. 11472, under date of August 19, 1946, this board ruled that under the provisions of §5328-1a GC, the tax commissioner alone possessed this power and jurisdiction in the first instance, and that under the provisions of §5611 GC this board may only consider the matter upon an appeal from that official's finding. The rule of the Palmer Home case was later followed in the case of

In re Catholic Press Union, case No. 13427, decided December 12, 1947. We now propose to reconsider our prior conclusion.

We would first point out that §5328-1a GC is found codified under the title "Property Subject to Taxation." It reads in toto as follows, and under the quoted caption:

"Sec. 5328-1a GC. Intangible property of religious, charitable, etc., associations exempt from taxation.

"Moneys, credits, investments, deposits and other intangible property belonging, either legally or beneficially, to corporations, trust, associations, funds, foundations or community chests, organized and operated exclusively for religious, charitable, scientific, literary, health, hospital, educational, or public purposes, exclusively for the prevention of cruelty to children or animals, or exclusively for contributing financial support to any such purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual, and no substantial part of the activities of which is carrying on propaganda or otherwise attempting, to influence legislation, shall not be subject to taxation."

In our search for legislative intent, recourse is had to 121 O. L., 241. The Act is there entitled:

"An Act to enact §5328-1a GC, relating to the subject of taxation of intangible property, and, to amend §5353 GC, relating to exemptions from taxation."

It is therefrom clear that the enactment of the statute had two purposes, namely, taxation and exemption. Section 1 of the Act states that §5328-1a GC is to supplement §5328-1 GC, and amend §5353 GC. The latter section, as previously written, read that "property belonging to institutions used exclusively for charitable purposes, shall be exempt from taxation." The change effected by the amendment is in that the provision now reads that "Real and tangible personal property * * *, shall be exempt from taxation".

Sec. 5328-1a GC nowhere therein casts the performance of any duty upon the tax commissioner other than directing him to refrain from listing certain intangibles for taxation. It simply states that certain intangible personal property "shall not be subject to taxation." The amendment was intended to supplement §5328-1 GC, which reads in part:

"All moneys, credits, investments, deposits, and other intangible property of persons residing in this state shall be

subject to taxation, exempting as provided in this section or as otherwise provided or exempted in this title: * * *."

We here note that exemption statute 5349 to 5363, inclusive, under the sub-heading "Exempt Property", are within the Chapter entitled: "Property Subject to Taxation." **Sec. 5328-1 GC** goes on to consider certain intangibles. It concludes with the requirement that **taxable intangibles "shall be entered on the classified tax list and duplicate of taxable property * * *"**. It nowhere therein provides that the tax commissioner shall have anything to do with the exemption of intangible personal property. Did the withdrawal of intangible personal property from §5353 GC by the enactment of supplemental §5328-1a to §5328-1 GC in any way confer jurisdiction upon the tax commissioner? We think not. It is not done so by express language. Its phraseology is not susceptible of any such inference or presumption. It nowhere therein attempted to withhold from the Board of Tax Appeals that jurisdiction which it theretofore possessed.

In **State, ex rel. Methodist Book Concern v. Guckenberger, Aud., 133 Oh St, 27, 10 N. E. 2d 1001,** it was held, that:

"Under the provisions of §5570-1 GC, the Tax Commission has exclusive authority to declare property exempt, * * *."

The legislature by this enactment (§ 5570-1 GC), in part, intended to procure uniformity by reposing sole power in exemption matters in the Tax Commission rather than let it remain lodged in 88 county auditors. The court in Methodist Book Concern v. Guckenberger, Aud., supra, recognized this legislative purpose. Thereafter the General Assembly, in the enactment of §1464 GC, abolished the Tax Commission and reposed exclusive power in the Board of Tax Appeals in all exemption matters. See this exclusive jurisdictional change recognized in the case of **In re American Issue Publishing Company, 6 Ohio Supp. 254,** decided by this board. The question comes, did the legislature, in the enactment of §5328-1a GC, intend to withdraw jurisdiction in exemption of intangible personal property from the Board of Tax Appeals and place it within the power of the tax commissioner?

**Sec. 1464-1 GC** provides that the Board of Tax Appeals shall exercise certain powers, the first of which is:

"To exercise the authority provided by law relative to consenting to the exempting of property from taxation, and revising the list of exempted property in any county; * * *."

In **Wehrle Foundation v. Evatt, 141 Oh St, 467, 49 N. E.** 2d 52, the court was considering jurisdiction of the Board of Tax Appeals. It had this to say in its first syllabus:

"Under §§1464-1(1) and 5570-1 GC, the Board of Tax Appeals has jurisdiction to exercise authority relative to consenting to the exemption of property from taxation under §5353 GC, whether such property be real or personal."

The court recognized that §1464-1 GC was the general section conferring jurisdiction upon the Board of Tax Appeals. It also recognized that §5570-1 GC had a bearing on the question of jurisdiction. Among the provisions of the latter section is to be found the following:

"After this act takes effect no additions shall be made to such exempt lists nor additional items of property exempted under any of the sections enumerated herein without the consent of the board of tax appeals, but when any personal property or endowment fund of an institution has once been held by the board of tax appeals to be properly exempt from taxation, it shall not be necessary to obtain the board's consent to the exemption of additional property or investments of the same kind belonging to the same institution; but such property shall appear on the abstract filed annually with the board. * * *"

It is, of course, true that the title to an act or section is no part thereof; however, it may be indicative of legislative purpose. We note this rule with the thought in mind that §5328-1a GC concludes with the words, "shall not be subject to taxation", while the title thereto carries the words, "* * * associations exempt from taxation." These two phrases but differently state the same ultimate result. If there is a distinction, who must determine whether intangible personal property is not subject to taxation? Is it the taxpayer? Certainly not he. Is it the tax commissioner? If so, he may say what property shall not be taxed or is exempt from taxation. It must be noted that §§1464-1 or 5570-1 GC are not mentioned in the enactment of §5328-1a GC. They stand as originally enacted. Jurisdiction has not been withdrawn from the Board of Tax Appeals. If the tax commissioner has original jurisdiction in finding that intangible personal property shall not be subject to taxation, then without appeal from any such finding, the Board of Tax Appeals, under §1464-1 GC, might

nullify his act by "revising the list of exempted property in any county".

The words "shall not be subject to taxation" are not new. They were used prior to the enactment of §5328-1a GC. See §5328-1 GC, 115 O. L., 554, effective July 18, 1933. They in no way disturbed this Board's exclusive jurisdiction in exemption matters.

It is now the judgment of this Board that §5328-1a GC might just as readily have been designated as §5353-2 GC. It not only pertains to classification but to exemptions as well. The principal reason for the enactment of §5328-1 GC was to enumerate what intangibles are not subject to tax. **Sec. 5353 GC,** before its recent reenactment, did not attempt to do so. It simply used the word property". **Secs. 5328-1a** and **5353 GC** simply supplant old §5353 GC by separating intangibles from land and tangibles, and defining the class of intangibles not subject to taxation or that may be exempted from taxation. They do not confer or withhold jurisdiction. It follows that the Board of Tax Appeals overrules its conclusions reached in Palmer Home and Catholic Press Union, and holds that the applicant is entitled to exemption of its intangible personal property from taxation as requested; and that this Board has, in the first instance, exclusive jurisdiction thereof. Its inventory of $73,000.00 in corporate stock is found to be exempt from taxation for the tax year 1947. The taxes, interest and penalty levied and assessed thereon for the tax year 1946 are likewise remitted.